**In re Petition for DISCIPLINARY ACTION AGAINST Albert Isiaka USUMANU, a Minnesota Attorney, Registration No. 25180X.**

No. A09–400.

Supreme Court of Minnesota.

June 18, 2009.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Albert Isiaka Usumanu committed professional misconduct warranting public discipline, namely, commingling personal and client funds in a trust account, maintaining personal funds in his trust account while his obligations to third parties were unsatisfied, failing to maintain proper books and records, and failing to cooperate with the disciplinary investigation, in violation of Minn. R. Prof. Conduct 1.15 (as interpreted by Appendix 1), 8.1(b),

and 8.4(c) and (d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his procedural rights under Rule 14, RLPR, withdraws his previously-filed answer, and admits his conduct violated the Rules of Professional Conduct. Respondent and the Director jointly recommend that the appropriate discipline is a suspension from the practice of law for a period of 30 days followed by two years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective 14 days from the date of filing of this order, respondent Albert Isiaka Usumanu is suspended from the practice of law for a period of 30 days. Respondent shall comply with Rule 26 (requiring notice of suspension to clients, opposing counsel, and tribunals) and shall pay $900 in costs pursuant to Rule 24, RLPR. Respondent may be conditionally reinstated following the expiration of the suspension period provided that at least 15 days before the expiration of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that respondent is current with continuing legal education requirements and has fully complied with Rules 24 and 26, RLPR.

Upon reinstatement, respondent shall be placed on supervised probation for a period of two years under the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of probation. Within two weeks from the date of filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with the probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the

client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyers Trust Account Board. Such books and records shall be made available to the Director within 30 days of the filing of this order and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

IT IS FURTHER ORDERED that within one year from the date of filing of this order, respondent shall successfully complete the professional responsibility portion of the state bar examination.

BY THE COURT:

/s/ Alan C. Page
Associate Justice